# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DARREAL HAYES,

        Petitioner,   :   Case No. 1:24-cv-436

- vs -                         District Judge Susan J. Dlott
                                            Magistrate Judge Michael R. Merz

MAJOR DAN EMS, WARDEN,
 Hamilton County Justice Center,

                                   :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action, brought *pro se* by Petitioner Darreal Hayes pursuant to 28 U.S.C. § 2241, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), Respondent's Answer (ECF No. 21), and Petitioner's Response to Answer (ECF No. 18).

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to her in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion requirement applies to pretrial petitions as well as petitions under § 2254. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973). Habeas corpus under state law rather than mandamus is the appropriate action for a person seeking immediate release from prison. *State ex rel Lemmon v. Ohio Adult Parole Authority*, 78 Ohio St. 3d 186 (1997).

From her Response, it appears Petitioner is aware of the possibility of filing for habeas

1

corpus under Ohio law, but has not done so. She indicates the Hamilton County authorities have not provided her with an appropriate form, but as far as this Court is aware, there is not such form. Her counsel in the Ohio criminal case will be able to provide her with the address of the Ohio First District Court of Appeals and the statutory reference for an Ohio writ. Petitioner has also not advised this Court of the status of her Ohio criminal case, i.e. when it is set for trial.

Because Petitioner has not exhausted her remedy of a petition for writ of habeas corpus under Ohio law, the Petition herein should be dismissed without prejudice to its refiling if necessary after exhaustion.

Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 27, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.